Case 1:00-cv-12073-MEL Document 1 Filed 10/06/00 Page 1 of 6

RECEIPT # 25799
AMOUNT $ 150.00
SUMMONS ISS. YES
LOCAL RULE 4.1
WAIVER OF SERV.
MCF ISSUED
AO 120 OR 121 YES
BY DPTY CLK
DATE 10/6/00

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| R.A. Allen Company, Inc., a Massachusetts corporation, | ) ) ) ) |
| Plaintiff, | ) Civil Action No. ) **00 12073 MEL** |
| v. | ) ) Jury Trial Requested |
| Yakima Products, Inc. a California corporation, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

The Plaintiff, R.A. Allen Company, Inc. (ALLEN) through its attorneys, complains of Defendant, Yakima Products, Inc. (YAKIMA) and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for patent infringement arising under 35 U.S.C. § 271 et seq.

2. The court has jurisdiction pursuant to 28 U.S.C. §1338(a). Venue lies in this district pursuant to 28 U.S.C. § 1391(c) and 28 U.S.C. § 1400(b).

3. Plaintiff, R.A. Allen Company, Inc. is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having a place of business at 20 Lewis Street, Lincoln, Massachusetts 01773.



2000, without authority from ALLEN, YAKIMA has made or used or offered for sale or sold or imported into the United States rear mount carriers identified as the LITTLE JOE Model, the LOCO JOE Model and the SUPER JOE Model, hereinafter referred to as LITTLE JOE, LOCO JOE and SUPER JOE. Each of said LITTLE JOE, LOCO JOE and SUPER JOE carriers incorporates and copies the patented features of said ALLEN CARRIER and infringes the '840 patent.

11. ALLEN has given YAKIMA notice of the '840 patent, provided YAKIMA with a copy of the '840 patent and demanded that YAKIMA cease and desist from infringement of the '840 patent.

## CAUSES OF ACTION

As causes of action, Plaintiff alleges as follows:

## COUNT I

(Patent infringement of the '840 patent by the LITTLE JOE carrier)

12. The allegations set forth in paragraphs 1 through 11 are incorporated by reference the same as if fully set forth herein.

13. The LITTLE JOE carrier includes each and every element, or the equivalent thereof, of claims 18 and 19 of the '840 patent. YAKIMA thereby has unlawfully infringed, induced others to infringe, and committed acts of contributory infringement of the '840 patent within the meaning of 35 U.S.C. §271(a), (b), and (c), without authority, by making, using, offering for sale, or selling the LITTLE JOE carrier within the United States after the '840 patent issued or importing into the United States the LITTLE JOE carrier after the '840 patent issued. YAKIMA has refused to terminate its infringing activities and will continue to make, use, import, offer to sell and sell the infringing carriers unless enjoined by the Court.

14. YAKIMA's infringement was and is willful, thereby justifying increased damages under 35 U.S.C. §284.

15. ALLEN has been and will continue to be severely damaged by the unlawful infringement by YAKIMA, and unless such infringement is abated and enjoined by this Court, ALLEN will suffer irreparable damage.

16. This is an exceptional case within the meaning of 35 U.S.C. §285 and ALLEN is entitled to recover its reasonable attorneys' fees.

### COUNT II

(Patent infringement of the '840 patent by the LOCO JOE carrier)

17. The allegations set forth in paragraphs 1 through 16 are incorporated by reference the same as if fully set forth herein.

18. The LOCO JOE carrier includes each and every element, or the equivalent thereof, of claims 18 and 19 of the '840 patent. YAKIMA thereby has unlawfully infringed, induced others to infringe, and committed acts of contributory infringement of the '840 patent within the meaning of 35 U.S.C. §271(a), (b), and (c), without authority, by making, using, offering for sale, or selling the LOCO JOE carrier within the United States after the '840 patent issued or importing into the United States the LOCO JOE carrier after the '840 patent issued. YAKIMA has refused to terminate its infringing activities and will continue to make, use, import, offer to sell and sell the infringing carriers unless enjoined by the Court.

19. YAKIMA's infringement was and is willful, thereby justifying increased damages under 35 U.S.C. §284.

20. ALLEN has been and will continue to be severely damaged by the unlawful

infringement by YAKIMA, and unless such infringement is abated and enjoined by this Court, ALLEN will suffer irreparable damage.

21.     This is an exceptional case within the meaning of 35 U.S.C. §285 and ALLEN is entitled to recover its reasonable attorneys' fees.

### COUNT III

(Patent infringement of the '840 patent by the SUPER JOE carrier)

22.     The allegations set forth in paragraphs 1 through 21 are incorporated by reference the same as if fully set forth herein.

23.     The SUPER JOE carrier includes each and every element, or the equivalent thereof, claims 18 and 19 of the '840 patent. YAKIMA thereby has unlawfully infringed, induced others to infringe, and committed acts of contributory infringement of the '840 patent within the meaning of 35 U.S.C. §271(a), (b), and (C), without authority, by making, using, offering for sale, or selling the SUPER JOE carrier within the United States after the '840 patent issued or importing into the United States the SUPER JOE carrier after the '840 patent issued. YAKIMA has refused to terminate its infringing activities and will continue to make, use, import, offer to sell and sell the infringing carriers unless enjoined by the Court.

24.     YAKIMA's infringement was and is willful, thereby justifying increased damages under 35 U.S.C. §284.

25.     ALLEN has been and will continue to be severely damaged by the unlawful infringement by YAKIMA, and unless such infringement is abated and enjoined by this Court, ALLEN will suffer irreparable damage.

26.     This is an exceptional case within the meaning of 35 U.S.C. §285 and ALLEN is

entitled to recover its reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, ALLEN prays for judgment against YAKIMA and in favor of ALLEN that:

1. Jurisdiction is present and venue is proper.

2. United States Letters Patent No. 4,709,840 is good and valid in law and claims 18 and 19 have been infringed by YAKIMA.

3. ALLEN be awarded damages under 35 U.S.C. §284 for the unlawful and unauthorized infringement by YAKIMA adequate to compensate ALLEN for the aforesaid patent infringement of the '840 patent, including ALLEN's lost profits, but in no event less than a reasonable royalty for each of the infringed patents, plus prejudgment and post judgment interest.

4. The aforesaid patent infringements of YAKIMA have been deliberate and willful, and, therefore, ALLEN should be awarded increased damages of three times the amount found or assessed under 35 U.S.C. §284.

5. A preliminary and permanent injunction be granted under 35 U.S.C. §283 enjoining YAKIMA and its agents, representatives, servants, employees, officers, directors, successors, assigns and all those controlled by them or in active consort therewith, from further acts of infringement of claims 18 and 19 of the '840 patent and requiring the destruction of all infringing products, including remaining inventory, all molds and tools of manufacture, and literature, manuals and other materials advertising or promoting the infringing products.

6. The case be deemed exceptional and ALLEN be awarded its reasonable attorneys' fees under 35 U.S.C. §285.

7. ALLEN be awarded all recoverable costs.

8. ALLEN be awarded such other and further relief as the court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a jury trial.

R.A. Allen Company, Inc.,

Dated: October 6, 2000

By /s/ Herbert L. Bello
Herbert L. Bello  (BBO# 036620)
Scott P. Murphy  (BBO# 555212)
One Hollis Street
Wellesley, Massachusetts  02482
Telephone: (781) 235-4457
Facsimile: (781) 235-6448
Attorneys for Plaintiff

AllenYakima.com.wpd
October 6, 2000